

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
9/11/2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____CO_____
        Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) NOLBERTO SALAZAR,<br>also known as (a.k.a.) Profe; and<br>(2) JESUS RODRIGUEZ PANDO,<br><br>Defendants. | § § § § § § § § § § § § § § § § | **SEALED**<br>**INDICTMENT** Case No. 4:25-CR-00183<br><br>**CT 1:** 18 U.S.C. §§ 554 & 371, Conspiracy to Smuggle Goods from the United States;<br>**CTs 2-3:** 18 U.S.C. § 554, Smuggling Goods from the United States;<br>**CT 4:** 18 U.S.C. § 933, Firearms Trafficking.<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At times material to this indictment, on or about the dates and approximate times stated below:

1. Effective March 9, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq. Non-automatic and non-semi-automatic firearms equal to .50 caliber or less are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

3. Firearms magazines with a capacity of 17 to 50 rounds are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

5. The U.S. Munitions List (USML), located at Title 22, Code of Federal Regulations, Section 121.1., details articles, services and related technical data designated as defense articles or defense services pursuant to the Arms Export and Control Act.

6. Cartridge links and belts for fully automatic firearms and guns controlled in USML Categories I or II are designated as defense articles described in Category III of the USML.

7. Drum and other magazines to .50 caliber with a capacity greater than 50 rounds are designated as defense articles described in Category I of the USML.

8. According to Title 22, United States Code, Section 2778, no items on the USML may be exported out of or imported into the United States without a license for such export or import.

## COUNT ONE
## (18 U.S.C. §§ 554, 371)

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

Beginning on or about January 1, 2025, and continuing until on or August 11, 2025, in the Western District of Texas and the Republic of Mexico, defendants,

**(1) NOLBERTO SALAZAR,**
a.k.a.Profe; and
**(2) JESUS RODRIGUEZ PANDO,**

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, knowingly and unlawfully conceal, buy, and facilitate the transportation and concealment of, export and attempt to export from the United States into Mexico any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: a firearms, magazines, ammunition links and ammunition, all in violation of Title 18, United States Code, Section 554.

## OVERT ACTS

One or more of the Defendants committed at least one of the following overt acts in furtherance of the conspiracy:

1. On or about August 3, 2025 **Co-Conspirator #1** dropped off a 5.7 x 28 pistol and approximately 1120 rounds of ammunition at a residence in Presidio, Texas with said firearm and ammunition intended to be placed with **NOLBERTO SALAZAR, a.k.a.**

**Profe** and then smuggled into Mexico.

2. On or about August 3, 2025 **NOLBERTO SALAZAR, a.k.a. Profe** communicated with an unindicted co-conspirator with the nickname "Compa Choru" about the firearms and ammunition described under Overt Act #1 being left at the wrong address instead of **NOLBERTO SALAZAR, a.k.a. Profe's** address.

3. On or about August 9, 2025 **JESUS RODRIGUEZ PANDO** transported one AR-15 rifle, one 9mm pistol, approximately twenty (20) magazines for an FN SCAR rifle and approximately 5000 links for ammunition to fit a M249 rifle with the knowledge that these items were intended for illegal export to Mexico.

4. On or about August 9, 2025 **Co-Conspirator #2** sent a textual communication to **NOLBERTO SALAZAR** stating that a person would be leaving magazines, a rifle and other accessories for him.

**COUNT TWO**
**(18 U.S.C. § 554)**

Beginning on or about July 31, 2025, and continuing until on or August 3, 2025, in the Western District of Texas, Defendant,

**(1) NOLBERTO SALAZAR, a.k.a. Profe,**

knowingly and unlawfully concealed, bought, and facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: one Glock 22 pistol, one 5.7 x 28 pistol and approximately 1120 rounds of ammunition which are controlled items as defined in the CCL, and the Defendants had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

**COUNT THREE**
**(18 U.S.C. § 554)**

On or about August 9, 2025, in the Western District of Texas, Defendants,

**(1) NOLBERTO SALAZAR, a.k.a. Profe; and
(2) JESUS RODRIGUEZ PANDO,**

knowingly and unlawfully concealed, bought, and facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: one AR-15 rifle, one 9mm pistol, approximately twenty (20) magazines for an FN SCAR rifle and approximately 5000 links for ammunition to fit a M249 rifle and the Defendants had not received a license or authorization for such export, in violation of Title 18, United States Code, Section 554.

## COUNT FOUR
## (18 U.S.C. § 933(a)(1), § 933(a)(3))

The General Allegations of this indictment are re-alleged and fully incorporated here by reference.

Beginning on or about January 1, 2025, and continuing until on or about August 9, 2025, in the Western District of Texas and the Republic of Mexico, defendants,

**(1) NOLBERTO SALAZAR, a.k.a. Profe; and
(2) JESUS RODRIGUEZ PANDO,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 933, that is to say, they conspired to ship, transport, transfer, cause to be transported, and otherwise disposed of any firearm to another person in and otherwise affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, to wit: Smuggling of Goods from the United States under 18 U.S.C. Section 554, all in violation of Title 18, United States Code, Section 933(a)(1), (a)(3) and (b).

## III.
## Firearms Trafficking Violation and Forfeiture Statutes

[Title 18 U.S.C. § 933(a)(1) and (a)(3), subject to
forfeiture pursuant to Title 18 U.S.C § 934(a)(1)(A) and (B)]

As a result of the criminal violations set forth abovr, the United States of America gives notice to Defendants **(1) NOLBERTO SALAZAR a.k.a. Profe and (2) JESUS RODRIGUEZ PANDO** of its intent to seek the forfeiture of property described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. §§ 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. - Forfeiture and Fines**
> **(a) Forfeiture.**
>   **(1) In General.**— Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>     **(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     **(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

The Notice of Demand of Forfeiture includes but is not limited to the property and money judgment described in Paragraphs III and IV.

### III.
### Property

1. Glock, model 22, .40 caliber pistol, serial number BYSG929;
2. FNH, 5.27x28mm caliber pistol, serial number 386295374;
3. Anderson Manufacturing, AM-15 rifle;
4. Rock Island Armory, 9mm caliber pistol;
5. Approximately 20 FN Scar magazines;
6. Approximately 2 collapsible SCAR buttstocks;
7. One 9mm magazine;
8. Approximately 5,000 M249 links;
9. Approximately 1,120 of assorted caliber ammunition; and
10. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

### IV.
### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property, and/or the value of property used to facilitate, or intended to be used to facilitate the commission of the offenses, as a result of the violations set forth in Counts One through Four which Defendants **(1) NOLBERTO SALAZAR a.k.a. Profe and (2) JESUS RODRIGUEZ PANDO** are individually liable.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

_____
[REDACTED] HE GRAND JURY

JUSTIN SIMMONS
UNITED STATES ATTORNEY

BY: _____
    Steven R. Spitzer
    Assistant U.S. Attorney